**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAN HOW ALEX CHOW, | No. 08-74682 |
| Petitioner, | Agency No. A095-748-480 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Man How Alex Chow, a native and citizen of China petitions pro se for

review of the Board of Immigration Appeals'("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NV/Research

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Chow contends he has a well-founded fear of persecution on account of his Christian religion, his pro-democracy political opinion and his membership in a social group of "Americanized" people. Substantial evidence supports the BIA's conclusion that Chow has failed to meet his burden of establishing he has an objective, well-founded fear of persecution on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-1018 (9th Cir. 2003) (substantial evidence supported BIA's denial of asylum where petitioner had not been prevented from practicing her religion, did not suffer economic deprivation or any significant physical violence and the possibility of government action was too speculative). Accordingly, Chow's asylum claim fails.

Because Chow does not have a well-founded fear of persecution, it necessarily follows that he failed to satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the BIA's conclusion that Chow failed to show it is more likely than not he will be tortured if returned to China. *See Wakkary,* 558 F.3d at 1067-68.

Chow contends the IJ and BIA violated due process by failing to consider all of his evidence and failing to address his social group claim. Chow has not overcome the presumption that the agency reviewed the record, *see Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000), and contrary to Chow's contention, the agency's decisions were supported by the record and sufficiently reasoned for us to review, *see Efe v. Ashcroft*, 293 F.3d 899, 908 (9th Cir. 2002) (agency does not have to write an exegesis on every contention).

We reject Chow's contention that the IJ violated due process by citing a case involving CAT when denying his asylum. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

Finally, Chow's opposition to the government's second motion to extend time is denied as moot.

**PETITION FOR REVIEW DENIED.**